Russell PREVATTE, Petitioner–
Appellant,

v.

Mike ADAMS, Warden, Respondent–
Appellee.

Nos. 00–56548, 00–56683.
D.C. No. CV–99–12107–JWM.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2001.*

Decided Sept. 21, 2001.

Before HUG, PREGERSON, and
WARDLAW, Circuit Judges.

MEMORANDUM **

In this consolidated appeal, Russell Prevatte appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 habeas petition challenging the legality of a 1996 conviction for bombing property in violation of 18 U.S.C. § 844(i). Prevatte further appeals from the district court's denial of his motion to vacate, alter or amend the judgment and to amend his habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253 over this consolidated appeal.

Prevatte contends that the district court erred by dismissing his petition for lack of jurisdiction on the grounds that he had failed to demonstrate that § 2255 was an inadequate or ineffective remedy. *See* 28 U.S.C. § 2255. We review de novo the dismissal of a section 2241 habeas petition. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.1988). We review the district court's denial of Prevatte's motion to amend, alter or vacate the judgment for an abuse of discretion. *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

The challenged conviction and sentence at issue here were imposed by the Northern District of Indiana. At the time Prevatte filed his section 2241 petition, however, he was incarcerated in the Central District of California. Moreover, before the district court ruled on his petition, Prevatte was then transferred to a federal prison in Florence, Colorado, where he is currently incarcerated. Because Prevatte's § 2241 petition effectively challenges the legality of his underlying conviction and invokes the savings clause under section 2255, the district court properly recognized that it was without jurisdiction. *See Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir.2000) (stating that a section 2241 habeas petition must be heard in the custodial court even if the petition contests the legality of a sentence by falling under the savings clause of section 2255); *see also Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir.1990).

Furthermore, because the district court lacked jurisdiction over his habeas petition, it properly denied his motions to amend the petition and to amend, alter or vacate the judgment. *See Zimmerman*, 255 F.3d at 741. Finally, we REMAND to the district court for the limited purpose of determining if the interests of justice require transfer of Prevatte's section 2241 claim, challenging his conviction and sentence under 18 U.S.C. § 844(i), to the district court in Colorado. *See* 28 U.S.C. § 1631. In all other respects, we AFFIRM the district court's decision.

AFFIRMED and REMANDED.[1]

