In re: Richard A. SMITH, Petitioner.

No. 01–3073.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 21, 2002.

Decided April 9, 2002

See also 959 F.2d 246.

Kevin M. Schad argued the cause and filed the brief for petitioner.

Patricia A. Heffernan, Assistant U.S. Attorney, argued the cause for respondent. With her on the brief were Roscoe C. Howard Jr., U.S. Attorney, John R. Fisher and Roy W. McLeese III, Assistant U.S. Attorneys. Mary-Patrice Brown, Assistant U.S. Attorney, entered an appearance.

Before: HENDERSON, RANDOLPH and ROGERS, Circuit Judges.

Opinion for the Court filed by Circuit Judge ROGERS.

ROGERS, Circuit Judge:

For Richard A. Smith, the remedy afforded under 28 U.S.C. § 2255 is inadequate. Seeking authorization to file a second motion under 28 U.S.C. § 2255, as amended by the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[1] Smith demonstrates that his conviction under 18 U.S.C. § 924(c) is unlawful in view of the court's interpretation of the substantive provisions of that statute. Nevertheless, the government contends, he fails to make a prima facie showing under 28 U.S.C. § 2244(b)(3)(C) as § 2255 requires. Smith has an alternative remedy, the government urges, under 28 U.S.C. § 2241, and he is confined in a district located in a circuit in which, the government advises, he should prevail. Accordingly, we deny the application for authorization to file a second § 2255 motion in the district court without reaching the question whether, as Smith contends, there is an "actual innocence" exception to AEDPA.

---

1. *See* Pub. L. 104–132, § 105, 110 Stat. 1220.

## I.

Following the affirmance of his conviction for drug and weapon offenses, *United States v. Harris*, 959 F.2d 246 (D.C.Cir. 1992), Smith filed a motion under § 2255, seeking vacation of his conviction under 18 U.S.C. § 924(c) in light of *Bailey v. United States*, 516 U.S. 137, 144, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995). He withdrew that motion, with permission of the district court. Nine months later Smith filed a motion under § 2255 motion seeking relief on the ground that the act of trading drugs for guns did not constitute a violation of § 924(c). The district denied the motion, and this court, in 1999, denied Smith's request for a certificate of appealability. The following year, Smith filed his present request for authorization to file a second § 2255 motion in the district court in view of *United States v. Stewart*, 246 F.3d 728 (D.C.Cir.2001), which held, in light of *Bailey*'s clarification that "use" under § 924(c)(1) means "active employment of the firearm by the defendant," that the receipt of a gun during a drug transaction is not an offense under § 924(c). *See id.* at 733.

There is no question that Smith's § 924(c) conviction is no longer valid. In *Smith v. United States*, 508 U.S. 223, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993), the Supreme Court held that the defendant's offer to sell his gun for narcotics constituted "use" of the gun under 924(c). *See id.* at 228–29, 113 S.Ct. at 2053–54. Then, in *Bailey*, the Court not only clarified that "active employment" is required under § 924(c), but stated that a firearm can be used without being carried when a defendant displays or barters a firearm without handling it. *See Bailey*, 516 U.S. at 146, 116 S.Ct. at 507. This court, in turn, held in *Stewart* that merely "receiving" a gun during a drug transaction is not active employment because the "recipient has not employed the gun, availed himself of the gun, or derived any service from the gun by simply trading his drugs for it." *Stewart*, 246 F.3d at 731. The court contrasted the facts in *Stewart* where the defendant had "bartered *for* a firearm" with the fact in *Smith* that the defendant had "barter[ed] *with* a firearm," using his gun to trade it for cocaine. *See Stewart*, 246 F.3d at 731–32. The court thus adopted the view expressed by the Seventh Circuit in *United States v. Westmoreland*, 122 F.3d 431, 435 (7th Cir.1997), that "there is no grammatically correct way to express that a person receiving a payment is thereby 'using' the payment." *See Stewart*, 246 F.3d at 731–32 (quoting *Westmoreland*, 122 F.3d at 435). Like the defendant in *Stewart*, Smith received guns in exchange for drugs that he and his co-defendant sold. *See Harris*, 959 F.2d at 258. Because *Stewart* "is an authoritative statement of what the statute meant before as well as after [its holding]," Smith is entitled to benefit from the *Stewart* interpretation of § 924(c). *See United States v. McKie*, 73 F.3d 1149, 1153 (D.C.Cir.1996) (*quoting Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312–13, 114 S.Ct. 1510, 1519, 128 L.Ed.2d 274 (1994)).

■ Under the language of the AEDPA statute, however, this court's jurisdiction is limited to considering whether an application for authorization to file a second § 2255 motion in the district court makes a prima facie showing that the petitioner is entitled to relief; only the district court has jurisdiction to determine the merits of the motion once the circuit authorizes it. *See* 28 U.S.C. § 2255 ¶ 8; *id.* § 2244(b)(3)(A)-(D); *Felker v. Turpin*, 518 U.S. 651, 664, 116 S.Ct. 2333, 2340, 135 L.Ed.2d 827 (1996); *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir.1998); *Bennett v. U.S.*, 119 F.3d 468, 470 (7th Cir.1997). To obtain authorization to file a

second § 2255 motion, "a second or successive motion must be certified ... to contain—(1) newly discovered evidence ...; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 ¶ 8. Our decision in *Stewart* does not constitute new evidence. *See In re Dorsainvil,* 119 F.3d 245, 247 (3d Cir.1997). Neither is it a new rule of constitutional law made retroactive by the Supreme Court. *See Tyler v. Cain,* 533 U.S. 656, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001). Although the Supreme Court has ruled that *Bailey* is to be retroactive, *Bailey* is a rule of statutory interpretation, not of constitutional law. *See Bousley v. U.S.,* 523 U.S. 614, 620, 118 S.Ct. 1604, 1609–10, 140 L.Ed.2d 828 (1998).

The savings clause of § 2255 provides that if the "remedy by motion is inadequate or ineffective to test the legality of his detention," the prisoner may utilize § 2241 to collaterally attack the legality of his conviction or sentence. *See* 28 U.S.C. § 2255 ¶ 5. Varying standards have been adopted by the circuits for determining when § 2255 is "inadequate or ineffective." *See Reyes–Requena v. U.S.,* 243 F.3d 893, 903–04 (5th Cir.2001) (surveying cases). *See also In re Jones,* 226 F.3d 328, 333–34 (4th Cir.2000); *Wofford v. Scott,* 177 F.3d 1236, 1244 & n. 3 (11th Cir.1999); *United States v. Barrett,* 178 F.3d 34, 52 (1st Cir.1999); *Triestman v. United States,* 124 F.3d 361, 377 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d at 251–52 (3d Cir.); *cf. In re Hanserd,* 123 F.3d 922, 929–30 (6th Cir.1997). Suffice it for the instant case, the Seventh Circuit has explained that § 2255 "can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998). The government states that this is just such a case. *See* Respondent's Br. at 22–25; Respondent's Supplemental Br. at 4, 6–7. Smith is actually innocent, having been convicted on the basis of an incorrect understanding of § 924(c), and § 2255 relief is unavailable to him.

Smith may therefore file a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district in which he is confined. *See, e.g., In re Nwanze,* 242 F.3d 521, 525 (3d Cir.2001); *Lee v. Wetzel,* 244 F.3d 370, 373 (5th Cir.2001); *In re Jones,* 226 F.3d at 334; *Barrett,* 178 F.3d at 50 n. 10; *In re Davenport,* 147 F.3d at 611–12; *Triestman,* 124 F.3d at 380; *Dorsainvil,* 119 F.3d at 252. Smith maintains that the Seventh Circuit, wherein he is confined, will deny him relief under § 2241 in view of 28 U.S.C. § 2244(a), which prohibits a writ of habeas corpus if "the legality of such detention has been determined by a judge or court ... on a prior application for a writ of habeas corpus, except as provided in section 2255," 28 U.S.C. § 2244(a). But the Seventh Circuit held in *Davenport* that a prisoner in similar circumstances as Smith is eligible to use the safety valve of § 2255 to file a petition under § 2241. *See Davenport,* 147 F.3d at 610, 612.

Regarding § 924(c), the Seventh Circuit has held, in view of the Supreme Court's decision in *Bailey,* that passively receiving a gun for drugs does not constitute "use" of a gun in a drug offense under § 924(c). *See Westmoreland,* 122 F.3d at 435. In that case, the defendant received a gun from an undercover agent. The Seventh Circuit observed that "the defendant is on the passive side of the bargain. He received the gun. He was paid with the gun. He accepted the gun. But in no sense did he actively 'use' the gun.... A seller does not 'use' a buyer's consideration."

*Id.* at 435–36. Although the Seventh Circuit noted that it "might well" view the case differently had the transaction occurred between two defendants, as the government could conceivably charge the party receiving the gun with aiding and abetting the party supplying it, *id.* at 436 n. 1, our decision confirming Smith's convictions does not indicate that the government charged Smith with aiding and abetting, *see Harris,* 959 F.2d at 259–60, and the government makes no such representation here that he was.

The Seventh Circuit also left open how it would view a case where the defendant requested the gun in payment for the drugs. *See Westmoreland,* 122 F.3d at 436 n. 1. In his 1999 application for a certificate of appealability, Smith referred to testimony of the informant and the police to the effect that he and his co-defendant Harris did not participate in the request for drugs. *But see Harris,* 959 F.2d at 249. Be that as it may, the government, in urging this court to invoke the safety clause of § 2255, and thereby avoid addressing potential constitutional issues that might arise were there no "actual innocence" exception to AEDPA, has stated that under *Westmoreland,* "Seventh Circuit law should permit petitioner to raise, and to prevail upon, his Section 924(c) claim." Respondent's Supplemental Br. at 15. The court takes at face value the government's representation, for the government will be bound to argue in support of relief for Smith in the Seventh Circuit. *See New Hampshire v. Maine,* 532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). Should the government's interpretation of Seventh Circuit law prove to be mistaken, Smith then may renew his contention in this court that there is an "actual innocence" exception under AEDPA.

 Accordingly, because Smith's other claim, that his life sentence must be vacated pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), also fails to establish a prima facie showing, for the Supreme Court has not made *Apprendi* retroactive for purposes of collateral review and the jury in *Harris* was instructed to find the amount of drugs, we deny the application for authorization to file a second § 2255 motion in the district court without reaching the question whether there is an "actual innocence" exception to AEDPA.