**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT LEE WINFIELD,

    Petitioner - Appellant,

v.

M.E. RAY,

    Respondent - Appellee.

No. 02-3284
(Kansas)
(D.Ct. No. 01-3354-RDR)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Robert Lee Winfield, Jr., a federal inmate appearing pro se[1], appeals the district court's denial of his habeas corpus petition brought under 28 U.S.C. § 2241. Exercising jurisdiction under 28 U.S.C. § 2253, we affirm.

In 1996, Mr. Winfield[2] was convicted in the United States District Court for the Eastern District of Virginia of several offenses, including engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. His convictions were affirmed. *United States v. Winfield*, 139 F.3d 896 (4th Cir. March 5, 1998) (per curiam) (unpublished table decision). He then applied to the district court for relief under 28 U.S.C. § 2255. The request was denied and the denial was affirmed by the Fourth Circuit. Some time later, the United States Supreme Court decided *Richardson v. United States*, 526 U.S. 813 (1999), in which it held "a jury in a federal criminal case brought under § 848 must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series.'" 526 U.S. at 815.

In support of his 28 U.S.C. § 2241 petition Mr. Winfield claims he is

---

[1]We construe pro se pleadings liberally. *Ledbetter v. City of Topeka,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[2]Although Mr. Winfield's sentence was imposed in the Eastern District of Virginia, at the time he filed this § 2241 petition, he was an inmate at the United States Penitentiary at Leavenworth, Kansas. He has since been transferred to United States Penitentiary in Pollock, Louisiana.

actually innocent.[3]  That claim derives from retroactive application of *Richardson* which announced a new rule of substantive law.[4]  His jury was not instructed as *Richardson* later required.[5]  The district court concluded he failed to show an inadequate or ineffective § 2255 remedy and that he did not make the requisite

[3]Some circuits interpret § 2255's savings clause to allow a federal prisoner, in limited circumstances, to seek relief under § 2241 if he can establish he is actually innocent of the crime for which he was convicted. *See Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997); *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458 (6th Cir. 2001); *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999).  *But see* cases that recognized the actual innocence argument without accepting or rejecting it: *Pryor v. United States*, 278 F.3d 612, 616 n.3 (6th Cir. 2002); *In re Smith*, 285 F.3d 6, 8-9 (D.C. Cir. 2002); *Lorensten v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000). We have not resolved that issue and decline to do so here because the exceptional circumstances would necessarily include the unavailability of a §2255 remedy.

We express no opinion as to the merits of Mr. Winfield's arguments.  But he can request the appropriate court of appeals (in this case the Fourth Circuit) to certify his case in accordance with 28 U.S.C. § 2244 if, as he claims, it involves the existence of "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255.  Although he has made no request, Mr. Winfield fears the Fourth Circuit will not certify.  That fear prompts his argument that he has no effective or adequate § 2255 remedy.  But the availability of a remedy is not determined by his subjective assessment of probable success and a § 2241 petition "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

[4]*See United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002).

[5] Trial error does not necessarily equate to actual innocence. He may be confusing actual innocence with legal innocence. *See Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001) (quoting *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001)).

showing of actual innocence.

A § 2241 petition for a writ of habeas corpus and a motion for sentencing relief under § 2255 have distinct purposes and are not interchangeable. The § 2241 petition "attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Id*. Whereas "[a] 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id*. (internal citations omitted). Unless § 2255 remedy is inadequate or ineffective, it is the exclusive remedy for testing the legality of the detention. 28 U.S.C. § 2255. *See also Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam), *cert. denied*, 377 U.S. 980 (1964).

Although nominally brought under 28 U.S.C. § 2241, Mr. Winfield presents a quintessential § 2255 claim; he is challenging the validity, rather than the execution, of his conviction and sentence. We have previously held that the restrictions on filing successive § 2255 motions do not render the § 2255 remedy inadequate or ineffective. *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). Nor do the denials of relief in previous § 2255 proceedings indicate the inadequacy or ineffectiveness of this remedy. *See Williams*, 323 F.2d at 673. Because he has an adequate and effective remedy under § 2255 in the district where he was sentenced, § 2241 is inappropriate for this case. The district court's

denial of the petition was therefore correct.

AFFIRMED.

Entered by the Court:

**TERRENCE L. O'BRIEN**
United States Circuit Judge