**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RUSSELL L. PREVATTE,

   Petitioner-Appellant,

v.

J. E. GUNJA, Warden, U.S.
Penitentiary,

   Respondent-Appellee.

No. 05-1332
(D.C. No. 02-D-1562 (CBS))
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **BRORBY**, Circuit Judges.

   After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

   Petitioner appeals from the denial of his habeas petition brought under 28 U.S.C. § 2241 pursuant to the "savings clause" of 28 U.S.C. § 2255, which

---

[*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

allows a federal prisoner to seek habeas relief in the district where he is confined when a "remedy by [§ 2255] motion [in the district where he was convicted] is inadequate or ineffective to test the legality of his detention." Petitioner used this unusual remedial route because he had previously been denied relief under § 2255 on other grounds and the circuit with jurisdiction over his criminal prosecution had subsequently held that he could not satisfy the conditions for bringing a second-or-successive § 2255 motion on the claim he now asserts. *See United States v. Prevatte*, 300 F.3d 792, 798 (7th Cir. 2002). The parties argue various points regarding § 2255's savings clause that this court has not yet addressed in a published opinion. We assume petitioner's position arguendo and conclude that the district court properly denied relief thereon. We begin, though, by discussing a threshold habeas impediment noted by the government that could have, but by procedural happenstance has not, obviated this whole line of analysis.

In 1992, petitioner was convicted in a federal district court in Indiana of illegally using explosives that damaged property in interstate commerce and, in one instance, resulted in death. *See* 18 U.S.C. § 844(i). In 1997, he sought and was denied relief under § 2255. While the issues raised in that proceeding are not relevant here, the proceeding itself had the critical consequence for petitioner of triggering § 2255's limitation on second-or-successive motions.

A few years later, the Supreme Court decided *Jones v. United States*, 529 U.S. 848 (2000), which limited the kind of property deemed to have the interstate nexus required by § 844(i). Underlying the proceedings thereafter pursued by petitioner has been his contention that *Jones* rendered his conviction on the § 844(i) resulting-in-death count invalid. As he points out, a co-defendant had his conviction on the count vacated under *Jones* on a § 2255 motion. *See United States v. Soy*, 413 F.3d 594, 600-01, 602 & n.6 (7th Cir. 2005) (summarizing district court's unchallenged determination that given wording of indictment, instructions, and verdict form, jury may have found interstate nexus on basis rejected in *Jones* and uncertainty in this regard required vacatur of conviction). The matter is not so simple for petitioner, however, as he has already brought a § 2255 motion and *Jones*, which turned on a new statutory interpretation rather than a new rule of constitutional law, cannot satisfy the legal condition for excusing a second-or-successive § 2255 motion. All of which has led to his efforts to obtain relief by other procedural means.

## I. California Habeas Proceeding and Successive Petitions under 28 U.S.C. §§ 2241 & 2244(a)

Years before the instant proceeding, defendant sought habeas relief under § 2241 in the Central District of California, where he was incarcerated at the time. The court noted that petitioner's claim was one that ordinarily must be brought by § 2255 motion, which was precluded by the second-or-successive bar, unless the

savings clause applied. Concluding that petitioner had not made a sufficient showing to invoke the savings clause, the court dismissed the petition for lack of subject matter jurisdiction. R. vol. I, doc. 3, ex. 4, at 4.

Petitioner appealed, specifically "contend[ing] that the district court erred by dismissing his petition for lack of jurisdiction on the grounds that he had failed to demonstrate that § 2255 was an inadequate or ineffective remedy." *Prevatte v. Adams*, 27 F.App'x 726, 726 (9th Cir. 2001). The Ninth Circuit affirmed, but noted that petitioner had been moved to a prison in Colorado and remanded the case "for the limited purpose of determining if the interests of justice require transfer of [petitioner's] section 2241 claim . . . to the district court in Colorado [under] 28 U.S.C. § 1631." *Id.* at 727. The analytical basis for that remand, and thus the import of the court's primary holding, is unclear and problematic.

It is axiomatic "that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) (collecting cases). The Ninth Circuit adheres to this principle. *See, e.g.*, *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005), *petition for cert. filed* (U.S. Jan. 13, 2006) (No. 05-8678); *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990). Thus, petitioner's transfer to Colorado was jurisdictionally irrelevant and, after determining that he had not demonstrated an

entitlement to § 2241 relief under the savings clause, the district court properly dismissed the action on the latter basis. As noted above, the Ninth Circuit affirmed but remanded for the district court to consider whether to transfer the case to Colorado under § 1631. Such a transfer may be made only if the *transferor* court *lacks* jurisdiction that the *transferee* court *could have exercised* when the action was filed. But under established principles of custodial authority, jurisdiction obviously lay in the district court in California, not Colorado. And in exercising that jurisdiction, the former had held that § 2241 was not available to petitioner under the savings clause of § 2255 – meaning that, regardless of where petitioner might be confined, the only court that could entertain his *Jones* claim was his sentencing court (a second, distinct reason precluding any resort to the district of Colorado). On what basis, then, did the Ninth Circuit contemplate that the district court in California could possibly have transferred the matter to Colorado?

Faced with this direction on remand, the district court read the Ninth Circuit's decision to say that it had properly dismissed for lack of jurisdiction, but that the deficiency derived from petitioner's removal from the State (which the district court had not mentioned), rather than the fact that petitioner had failed to make a case under the savings clause to support § 2241 jurisdiction (which had been the district court's express holding). R. vol. I, doc. 3, ex. 3, at 2-3. On this

reading, the Ninth Circuit's decision meant that the district court lacked custodial jurisdiction to *reach* the question about the savings clause, i.e., the court "was without jurisdiction to determine if the petitioner's § 2241 petition effectively . . . invok[ed] the savings clause of 28 U.S.C. § 2255." *Id.* at 3. The district court then went on to consider the question of transfer under § 1631. Ironically, the first reason it gave for denying a transfer was the fact that the district court in Colorado would have lacked jurisdiction when the action was commenced because petitioner was confined in California at the time. *Id.* at 4. Its second reason basically involved a reiteration of its original decision with regard to the savings clause: petitioner had not shown that he was entitled to § 2241 relief under the savings clause (in particular, he could not demonstrate actual innocence of the § 844(i) count he contends *Jones* undermined) and thus a stillborn transfer of his claim to a non-sentencing court was not in the interests of justice. *Id.* at 5-8.

In sum, the same § 2241 claim petitioner pursues here was effectively rejected (twice) by the district court in California. Ordinarily, that would be the end of the matter, as a second § 2241 petition that presents no new grounds for relief is subject to dismissal as a successive petition.[1] *George v. Perrill*, 62 F.3d

---

[1] While there is an exception to this bar where it is shown that the "ends of justice" require consideration of a second petition, *George*, 62 F.3d at 334, that
(continued...)

333, 334 (10th Cir. 1995) (discussing 28 U.S.C. § 2244(a)); *see also Romano v. Gibson*, 239 F.3d 1156, 1168 (10th Cir. 2001) (noting circuit court can affirm denial of habeas relief on procedural bar grounds even if district court ruled on other basis).  This case, however, is complicated by the obscure decision on petitioner's prior appeal.  If, as the California district court understood, the Ninth Circuit held that the district court lacked custodial jurisdiction to consider the § 2241/savings-clause claim due to petitioner's removal from the State, that decision, though patently in error under prevailing habeas principles, nevertheless had the effect of nullifying the district court's initial adverse ruling on the claim.  And the district court's ensuing decision on the limited remand did not definitively resolve the claim, holding only that it did not justify a transfer under § 1631.  Hence, notwithstanding the repeated rejection of petitioner's § 2241 claim by another habeas court clearly acting within its authority under controlling principles of custodial jurisdiction, it appears we may lack a prior determination of the claim sufficient to invoke the § 2244(a) bar.  We therefore turn to consider that same claim here.

---

[1](...continued)
showing cannot entail merely a second presentation of an argument (here, actual innocence under *Jones*) expressly rejected in an earlier proceeding.  Otherwise, a single argument touching on a concern associated with the ends of justice could underwrite repeated petitions and the exception would fully swallow the rule of finality preserved by § 2244(a).

## II. Framework for Analysis under § 2255 Savings Clause

We begin with two basic premises: (1) unless inadequate or ineffective, a § 2255 motion "is the exclusive remedy for a federal prisoner attacking the legality of his detention;" and (2) the fact that the prisoner "may be barred from filing a second or successive motion pursuant to § 2255 in the sentencing court does not establish that the remedy provided in § 2255 is inadequate or ineffective." *Caravalho v. Pugh*, 177 F.3d 1177, 1178, 1179 (10th Cir. 1999) (quoting and expressly agreeing with district court holding). Several circuits have held, however, that a prisoner in such circumstances may invoke § 2255's savings clause and seek relief under § 2241 if he can establish his actual innocence of the offense of conviction, though this circuit has not yet addressed the question. *See Winfield v. Ray*, 74 F.App'x 850, 851 & n.3 (10th Cir. 2003) (unpub.) (collecting cases and acknowledging unresolved nature of question in this circuit). We will assume the existence of this actual-innocence exception for purposes of argument and analyze petitioner's claim to determine if it would qualify. The concept of actual innocence is familiar from various procedural-bar contexts, and we have described its basic contours consistent with its treatment in other courts.

It is essential to distinguish an actual-innocence claim from the more common sort of legal error remedied in § 2255 proceedings. As illustrated in the case of petitioner's co-defendant, relief may be granted under § 2255 when trial

error could have resulted in the jury's reliance on an inadequate or impermissible basis for conviction, even if the jury could also have found the accused guilty on one or more other bases. *See Soy*, 413 F.3d at 600, 602 n.6. On actual-innocence review, however, the inquiry is just the converse. The focus is not on the error involved but on whether the petitioner's guilt is substantially in doubt: "He must show that 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *United States v. Barajas-Diaz*, 313 F.3d 1242, 1248 (10th Cir. 2002) (quoting *United States v. Powell*, 159 F.3d 500, 502 (10th Cir. 1998) (further quotation omitted)).

Thus, the fact that § 2255 relief has been granted to defendants challenging § 844(i) convictions under *Jones*, for example in *Soy* and *United States v. Ryan*, 227 F.3d 1058 (8th Cir. 2000), does not lend any support to petitioner's distinct § 2241 claim under the savings clause of § 2255. Our analysis of that claim involves a case-specific consideration of the facts relevant to his guilt under § 844(i), assessed against the stringent actual-innocence standard summarized above.

### III.  Disposition of Petitioner's Actual Innocence Claim under § 2241

This habeas action has its immediate genesis in a proceeding petitioner commenced by way of a motion to recall the mandate from his direct criminal appeal. The Seventh Circuit construed that motion as a request to certify a

second-or-successive § 2255 motion, which the court denied for failure to satisfy the statutory conditions. *See Prevatte*, 300 F.3d at 796-98. The court went on, however, to conclude that relief might be available under § 2241, as petitioner "has brought a non-frivolous challenge to his conviction by alleging that, due to an intervening decision of the Supreme Court of the United States that narrows significantly the statute under which he was convicted, he stands convicted of having committed an act that Congress did not intend to criminalize." *Id.* at 802. Accordingly, the court elected to "transfer the matter before [it] to the . . . District of Colorado for consideration . . . under § 2241." *Id.* A month later, petitioner filed a formal application for habeas relief in the Colorado district court.

Petitioner's challenge to his § 844(i) conviction is fairly straightforward. He was convicted for setting off an explosive device that damaged a residence and killed a bystander. The government had argued that a nexus to interstate commerce was shown by the fact that the damaged residence received natural gas through interstate lines, which was an accepted means of establishing the element in the Seventh Circuit. But the Supreme Court expressly rejected this approach in *Jones*: "Construing the statute's text, we hold that an owner-occupied residence not used for any commercial purpose does not qualify as property 'used in' commerce or commerce-affecting activity [for purposes of] federal prosecution under § 844(i)." *Jones*, 529 U.S. at 850-51. The Court explained:

-10-

> [Section] 844(i) contains the qualifying words "used in" a commerce-affecting activity. The key word is "used." Congress did not define the crime described in § 844(i) as the explosion of a building whose damage or destruction might affect interstate commerce. Congress required that the damaged or destroyed property must itself have been used in commerce or in an activity affecting commerce. The proper inquiry . . . is into the function of the building itself, and then a determination of whether that function affects interstate commerce.

*Id.* at 854 (quotations and citations omitted). Petitioner argues he was convicted on a factual basis that *Jones* clarified is not within the scope of § 844(i). Such an argument, when borne out by the facts, has been held to warrant relief on grounds of actual innocence under § 2241. *See United States v. Davies*, 394 F.3d 182, 196 (3d Cir. 2005); *Cf. Martin v. Perez*, 391 F.3d 799, 804 (6th Cir. 2004) (rejecting actual-innocence claim only after finding evidence of nexus to satisfy *Jones*).

As explained above, such an argument may well have warranted relief on a first § 2255 motion. Here, however, where that remedy is no longer available and petitioner is attempting to use § 2241 as a substitute, we are not concerned with how the government should or should not have framed its case, but only with whether petitioner has shown it is more likely than not that no reasonable juror would have convicted him of the challenged offense. The district court held that he had not, citing a critical fact relating to the interstate-commerce nexus here that was not present in *Jones*. We agree.

As recited in the decision on petitioner's direct appeal,[2] the bombing in question not only caused the residential damage emphasized by the government but also punctured a gas meter.[3] *United States v. Prevatte*, 16 F.3d 767, 771 (7th Cir. 1994). This damaged property did have a *function* tied to commerce, as required by *Jones*. Further, a manager of the regional public service company testified that it was the exclusive provider of natural gas to the city where the bombing had taken place and that all of its gas came from out of state. *See* R. vol. 1, doc. 1, ex. 7, trial tr. at 1227-29. Given these facts, petitioner cannot meet his burden on actual innocence; rather, it is more likely than not that a reasonable jury would have found the requisite interstate nexus under *Jones*.

Petitioner summarily objects to this line of reasoning by stating that the record does not show "that the gas meter . . . was targeted by the bombers, or that the meter was the separate 'personal property' of [the public service company] rather than a fixture of the house." Aplt. Opening Br. at 28. Petitioner does not explain why either of these points is material, and we conclude that they are not.

---

[2]    There has been no challenge to relevant facts recited in appellate decisions relating to petitioner's conviction. We note that the record, for which petitioner (who has had counsel in the district court and on appeal) is responsible, includes only partial excerpts from the transcript of his trial.

[3]    We note that the indictment referred to damage to "a building *or* other real and personal property located at 1425 Stanton," and, thus, as the Seventh Circuit acknowledged in *Soy*, "the jury could have based its decision to convict Petitioner based on the damage to either the residence, the meter, or both." *Soy*, 413 F.3d at 600.

An intent to damage particular property is not required for conviction under § 844(i), for which a malicious or reckless disregard of the likelihood of such damage is sufficient. *See United States v. Wiktor*, 146 F.3d 815, 818 (10th Cir. 1998) (citing cases from several circuits); *see also United States v. McVeigh*, 153 F.3d 1166, 1197 (10th Cir. 1998) (same holding as to mens rea requirement of similar explosives offense for damage to federal property under § 844(f)); *McFadden v. United States*, 814 F.2d 144, 145-46 (3d Cir. 1987) (applying principle to unintended damage caused by explosive device). The ownership of the meter is immaterial to the offense per se, *see* § 844(i) (requiring damage to "any building, vehicle, or other real or personal property"); and, as for interstate nexus, it is the *function* of the property that is controlling under *Jones* and the relevant commercial function of a gas meter (measuring and keeping continuous account of usage for purposes of determining payment due provider of interstate gas) does not turn on who technically owns it.

As a last resort, petitioner contends the government should be judicially estopped from disputing his actual innocence on the challenged § 844(i) count. The basis for this contention is the government's concession in co-defendant Soy's § 2255 proceeding that "the bombing of [the victim's] private residence was not a violation of § 844(i)." R. vol. II, doc. 53, attach. 2 (government's brief on Soy appeal), at 11, quoted in Aplt. Reply Br. at 4. We need not decide as a

general matter whether this equitable estoppel notion could or should trump the fundamental habeas review principles that otherwise control our disposition. There are much more narrow reasons to reject its application here.

Although petitioner's opening brief referred in passing to the government's concession, he raised no estoppel argument until his reply brief, and "[t]his court does not ordinarily review issues raised for the first time in a reply brief." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). Moreover, the substance of the concession is not controlling here. Fairly read in context, the government merely conceded, consistent with *Jones*, that the bombing of a private residence is not a violation of § 844(i) and, thus, Soy's conviction on that basis was properly vacated on § 2255 review. But, as we have explained at length and demonstrated specifically in reference to petitioner's own case, being entitled to relief under § 2255 is not the same thing as showing actual innocence for § 2241 purposes. Finally, the very authority cited by petitioner demonstrates that the estoppel principle should not apply here. Its purpose is to prevent a party from *gaining an advantage* on the basis of one position and later seeking an inconsistent advantage by asserting an incompatible position. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). The government's candid concession regarding the invalidity of Soy's conviction hardly constitutes the securing of an *advantage* which would warrant imposition of a corresponding disadvantage here.

In sum, we conclude that petitioner has failed to demonstrate that he is entitled to the extraordinary relief sought in this proceeding. The deficiency in his case is ultimately a function of the limitations Congress has imposed on the remedy provided in § 2255, in particular its bar on second or successive motions. Our responsibility is to enforce the statute as written.

The judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge