**Larry D. CANNON, Appellant**

v.

**UNITED STATES of America and Ada Igborzurkie, Parole Officer, Appellees.**

**No. 06–5051.**

United States Court of Appeals, District of Columbia Circuit.

June 5, 2006.

Larry D. Cannon, Washington, DC, pro se.

BEFORE: HENDERSON, GARLAND, and BROWN, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia, and on the brief filed by appellant. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order of dismissal filed on November 25, 2005, be affirmed. Appellant's petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 constitutes an attack on the validity of his conviction and sentence, and it therefore must be presented by an application under 28 U.S.C. § 2255 unless the remedy under § 2255 would be "inadequate or ineffective." *See* 28 U.S.C. § 2255 ¶ 5. Moreover, contrary to appellant's arguments, his claim that the conduct alleged in the indictment never occurred does not meet this standard. *Cf. In re Smith,* 285 F.3d 6, 8 (D.C.Cir. 2002) (holding that prisoner could use § 2241 to raise claim that conduct giving rise to conviction was not unlawful). Because § 2241 is not the proper vehicle for presentation of appellant's claims, the dismissal of his § 2241 petition must be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.