**Danie MORRIS, Appellant**

v.

**UNITED STATES of America, Appellee.**

No. 10–5379.

United States Court of Appeals, District of Columbia Circuit.

April 6, 2011.

Danie Morris, Fort Dix, NJ, pro se.

Warden, Fort Dix, NJ, for Appellant.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: SENTELLE, Chief Judge, and HENDERSON and KAVANAUGH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and supplements filed by the appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed October 12, 2010, be affirmed. The district court properly denied appellant's petition for a writ of habeas corpus, because appellant's collateral attack on his conviction and sentence must be pursued through a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 filed in the court in which

he was convicted and sentenced. Although "the savings clause of [28 U.S.C.] § 2255 provides that if the 'remedy by motion is inadequate or ineffective to test the legality of his detention,' the prisoner may utilize [28 U.S.C.] § 2241 to collaterally attack the legality of his conviction or sentence," *In re Smith,* 285 F.3d 6, 8 (D.C.Cir.2002) (quoting 28 U.S.C. § 2255(e)), appellant has not demonstrated that his remedy was "inadequate or ineffective." In any event, the appropriate forum for a habeas petition is the district in which appellant is confined. *See id.; Chatman–Bey. v. Thornburgh,* 864 F.2d 804, 806 n. 1 (D.C.Cir.1988) (en banc).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.