**Tiayon Kardell EVANS, Appellant**

v.

**Charles E. SAMUELS, Jr., Appellee.**

**Nos. 13–5296, 13–5297.**

United States Court of Appeals,
District of Columbia Circuit.

Jan. 30, 2014.

Tiayon Kardell Evans, Lisbon, OH, pro se.

Elizabeth Trosman, Esquire, U.S. Attorney's Office Appellate Counsel, U.S. Attorney's Office, Washington, DC, for Appellee.

BEFORE: ROGERS and SRINIVASAN, Circuit Judges; GINSBURG, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed July 30, 2013, and August 23, 2013, be affirmed. Appellant, in essence, seeks to invalidate his conviction and sentence based on the sentencing court's alleged lack of jurisdiction. The district court properly dismissed appellant's petition for a writ of habeas corpus, because appellant's collateral attack on his conviction and sentence must be pursued through a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 filed in the court in which he was sentenced. *See* 28 U.S.C. § 2255(a). Although the "savings clause of § 2255 provides that if the 'remedy by motion is inadequate or ineffective to test the legality of his detention,' the prisoner may utilize [28 U.S.C.] § 2241 to collaterally attack the legality of his conviction or sentence," *In re Smith*, 285 F.3d 6, 8 (D.C.Cir.2002) (quoting 28 U.S.C. § 2255(e)), appellant has not demonstrated his remedy was "inadequate or ineffective." Appellant's assertion that § 2255 is an inadequate remedy because appellee, the Director of the Federal Bureau of Prisons, would not be a proper party to such a proceeding is unavailing, as appellee is not a proper party to a § 2241 proceeding either. *See Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1238 (D.C.Cir.2004) (determining proper respondent to § 2241 petition is prisoner's "immediate custodian"—that is, the warden of the facility in which prisoner is incarcerated at the time petition is filed). Furthermore, appellant has not demonstrated the district court abused its discretion in denying appellant's motion for reconsideration. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir. 1996).

**16**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.